# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3544 | **DATE** | 6/10/2002 |
| **CASE TITLE** | Lambersky vs. Petritis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion for partial summary judgment as to defendant's affirmative defenses [20-1] is granted and plaintiff's motion to strike certain portions of defendant's response to the statement of material facts [25-1] is granted in part and denied in part. Status hearing to discuss the remainder of the case set for 6/20/02 at 9:00 a.m. in courtroom 2214. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 1 1 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 6/10/2002 | |
| | | | date mailed notice | |
| KF | courtroom deputy's initials | | KF mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| HOWARD LAMBERSKY,<br><br>    Plaintiffs,<br><br>v.<br><br>DANIELLE PETRITIS, as the special representative for decedent Richard F. Farner for the purposes of defending this action,<br><br>    Defendant. | No. 01 C 3544 |

**MEMORANDUM OPINION AND ORDER**

Michael T. Mason, United States Magistrate Judge:

I. BACKGROUND

This diversity case grew out of a May, 1999 car accident between Plaintiff Howard Lambersky and the original defendant, Richard F. Farner. Due to Farner's untimely death (not related to the accident), the court appointed defendant Danielle Petritis as special representative to defend against this action, pursuant to 735 ILCS 13-209(b)(2). Petritis is a claims adjuster with State Farm Insurance Company ("State Farm"); State Farm insured Farner at the time of the accident. Before us is Lambersky's motion for partial summary judgment as to Petritis' affirmative defense of accord and satisfaction. Lambersky has also brought a motion to strike many of Petritis' responses to plaintiff's statement of uncontested facts. As we explain, we grant the motion for partial summary judgment, and grant in part and deny in part the motion to strike.

Because we grant a large portion of plaintiff's motion to strike, the

30

following facts taken from the parties' Local Rule 56.1(a)(3) statements are uncontested. After the car accident, Lambersky contacted his general business attorney, Jeffrey H. Pooner, who is licensed to practice in both New Jersey and Pennsylvania. Lambersky asked Pooner to review the possibility of suing Farner for the car accident and to help Lambersky find an attorney to represent him in the suit. Pursuant to Pooner's recommendation, Lambersky hired Illinois attorney Jay R. Hoffman.

Although Hoffman was the only attorney to file an appearance in front of the Court, and was the only attorney to sign the complaint, Pooner engaged in settlement negotiations with State Farm. Around June 7, 2001, Pooner had a telephone conversation with a Scott Entrikin, who worked in State Farm's New Jersey office. During this conversation, Pooner and Entrikin agreed to settle the case for $28,000.00.

Also on June 7, 2001, Pooner followed up this conversation with a letter to Entrikin in which he wrote in part, "Please be advised that I recently met with Howard Lambersky and he would like to accept your settlement offer of $28,000.00 in order to resolve this matter."

Lambersky claims that he never authorized Pooner to accept a settlement on his behalf, while Petritis argues that these conversations created a binding settlement agreement between the two parties. Pooner, in an affidavit attached to the motion for summary judgment, stated that he accepted the offer from Entrikin under a belief that he was authorized to do so.

**ANALYSIS**

2

Before we address the motion for partial summary judgment, we must resolve Lambersky's motion to strike certain portions of defendant's response to the statement of material facts,

While Illinois law controls the substantive issues in this diversity case, federal law is used to determine if summary judgment is appropriate. *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir. 1976). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(e). Lambersky, as the party moving for summary judgment, has the "initial burden of establishing through affidavits or otherwise, the absence of a genuine issue as to any material fact." *Flip Side Productions, Inc. v. Jam Productions*, 843 F.2d 1024, 1031 (7th Cir. 1988)(citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 157 (1970). Pursuant to Local Rule 56.1(a)(3), a party moving for summary judgment must "serve and file a statement of material facts as to which the moving party contends there is no genuine issue."

After the movant files its statement of undisputed facts, Local Rule 56.1(b)(3)(A) requires that the non-moving party provide "a response to each numbered paragraph in the moving parties' statement, including, in the case of any disagreement, specific references to the affidavits, part of the record, and other supporting materials relied on." Further, the supporting material relied upon must be of the kind that will be admissible at trial. *Bombard v. Fort Wayne*

*Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996); *Gustovich v. AT&T Communications Inc.*, 972 F.2d 845, 849 (7th Cir. 1992). The non-moving party must be specific when responding to the numbered allegations, as the court's "role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies," but to decide if there is a material dispute of fact which requires trial. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (*citing Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986).

**MOTION TO STRIKE**

Lambersky claims that Petritis failed in her duty to "admit or deny each factual statement proffered by [Lambersky] and to designate with specificity and particularity those material facts believed to establish a genuine dispute for trial." *Greer v. Bd. of Educ. of the City of Chicago, Illinois*, 267 F.3d 723, 727 (7th Cir. 2001). Petritis replies that while her responses may not be explicit, they comply with the spirit and strictures of the rules and therefore should not be stricken. Local Rule 56.1(b)(3)(B) states that "all material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party." The Seventh Circuit has upheld strict enforcement of the rules where the non-movant has failed to follow the proper forms, thereby conceding the movant's version of the facts. *See e.g. Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir. 1992); *McGuire v. United Parcel Service*, 152 F.3d 673, 674 (7th Cir., 1998).

In the instant case, defendant's allegedly objectionable responses can be grouped into five categories: (1) claims of no personal knowledge of the facts,

4

(2) non-responsive answers, (3) claims that the statements of fact are inadmissible hearsay, (4) a response to the jurisdictional statement, and (5) a claim that the fact asserted is barred from use by the Illinois Dead Man's Act. We will address each in turn.

Petritis states she has no personal knowledge of the facts asserted in paragraphs 10-14, 18, 20, 27, 30, 32, 38-39, 41-42, and 46-47[1]. When the non-moving party claims that she lacks knowledge, without properly responding to the fact, the fact is deemed admitted. See McGuire, 152 F.3d at 674. Because of her improper response, Petritis is deemed to have admitted all of these paragraphs except for paragraphs 18 and 47.

Defendant's claim of no personal knowledge is not valid because she chose not to discover the truth or falsity of these statements, although she could have by deposing witnesses or issuing other discovery. In support of the statements, Lambersky cites to affidavits, and Petritis' responses do not contradict the affidavits. Further, Petritis' demand for 'strict proof' of these facts is "truly meaningless." Baines v. Indiana Harbor Belt R.R. Co. No. 99-C-4081, 1999 U.S. Dist. LEXIS 13337, *2 (N.D. Ill. August 23, 1999). For example, in paragraphs 10-14, Lambersky discusses how he came to hire Hoffman. Many of

---

[1] In paragraph 38, Petritis' response has two improper components: the first being her improper claim of "no personal knowledge' and the second being her incorrect assertion that Lambersky's factual claim is hearsay. We will therefore address paragraph 38 twice. Similarly, there are two parts to Petritis' response to paragraph 41. In the first part Petritis claims to have no personal knowledge, and the second part is allegedly non-responsive. We will therefore address paragraph 41 twice as well.

the subsequent paragraphs involve letters and telephone messages between Hoffman and various employees of State Farm. With due diligence, this information could have been discovered and properly admitted or denied. These paragraphs are therefore deemed admitted

We will not deem paragraph 18 and 47 admitted because defendant does effectively deny them by providing contradictory information to the facts stated. Paragraph 18 states that Lambersky's "understanding and expectation was that Mr. Hoffman would be the lawyer exclusively responsible for the handling of the lawsuit." Although Petritis states she has no personal knowledge of this fact, she essentially then denies the statement by arguing that Lambersky consulted with Pooner, that Pooner attempted to settle this matter, and that Lambersky was aware of Pooner's actions. Although Petritis did not provide her own affirmative evidence in support of these statements, she used Lambersky's affidavits to support her position, which is well within her rights. See Fed. R. Civ. P. 56(e) (the Rule does not distinguish between ownership of affidavits). Further, Petritis provided essentially the same response to paragraph 47, in which Lambersky claims that he did not give Pooner authority to settle this case. Again, while Petritis did not expressly deny this claim, she gave a response that is the functional equivalent of a denial, so this paragraph will not be deemed admitted either.

Lambersky next claims that Petritis' answers to paragraphs 15-19, 21, 23, 26, 28-29, 31, 33, 41, 44-45, and 47 were non-responsive and therefore should be deemed admitted. The law is clear that the non-moving party must directly

6

respond to each fact set forth by the moving party. See *Schultz*, 965 F.2d at 519. However, the Judge is given great discretion in deciding whether to deem a non-explicit response admitted. *Id.* After reviewing these paragraphs, we deem all admitted except for paragraphs 18, 23, 26, 29, 44, 45, 47.

In many of her answers, Petritis cites to Pooner's affidavit in support of her response that Pooner agreed to settle the case and that Lambersky was aware that Pooner was negotiating with State Farm. In some instances this answer does indeed negate the factual statement, and in others it is completely irrelevant. For example, in paragraph 23, Lambersky claims that Pooner's offer to settle was based on a misunderstanding over his authority to settle. Paragraph 26 states that Pooner later realized this misunderstanding, and paragraph 29 states that Lambersky never authorized Pooner to settle. Defendant's response that Lambersky was aware that Pooner was negotiating for him and that he agreed to settle the case is an appropriate denial of the paragraphs. Similarly, in paragraphs 44, 45, and 47, in which Lambersky states that he did not agree to settle this action, that he did not authorize Pooner to settle it, and that he never gave any attorney the blanket authority to settle it, the answer is again acceptable.

However in the remaining paragraphs, defendant's canned response is a non-sequitur. In paragraph 15 for example, it does not negate the second part of the factual claim (the first was admitted) that Hoffman is the sole attorney of record for this action. Since Petritis' response does not negate paragraphs 15-17, 19, 21, 22, 28, 31, 33 and 41, they are deemed admitted.

7

The next category of responses that Lambersky argues is improper is Petritis' claim of inadmissible hearsay in paragraphs 22, 33-38, and 43.[2] It is true that hearsay statements should not be relied upon to support a motion for summary judgment. *American Auto. Accessories, Inc. v. Emalfarb Inv. Corp.*, 175 F.3d 534, 539 (7th Cir. 1999). However, Lambersky correctly argues that the statements are not inadmissible hearsay because they are admissions by party opponents, made "by the party's agent or servant concerning a matter within the scope of the agency or employment, [and were] made during the existence of that relationship." Fed. R. Evid. 801(d)(2)(D); *Nekolny v. Painter*, 653 F.2d 1164, 1171-72 (7th Cir. 1981). Because Petritis incorrectly believed Lambersky's statements were inadmissible hearsay and chose not to respond to them, they are all deemed admitted.

The relevant paragraphs involve conversations between Entrikin and Pooner, Entrikin and Hoffman, and Hoffman and Grossman (Entrikin's supervisor at State Farm). While Entrikin, Grossman, and Hoffman, and not Petritis were the declarants, their statements fall under this hearsay exception. In fact, it is the statements made by Entrikin upon which Petritis is basing her entire affirmative defense. Further, it is State Farm, for whom Entrikin and Petritis both work, that will pay Lambersky, if we find an amount is owed. As a corporation, State Farm

---

[2] In paragraph 33, Petritis' two-part response contains both an improper assertion of hearsay and a further non-responsive statement, so it will be addressed twice. The remaining claims of hearsay involving no further statements are all non-responsive and will be discussed only in terms of their improper reliance upon hearsay.

could not assume the role of defendant itself. See 735 ILCS 5/13-209(b)(2). Petritis cannot on the one hand claim that Pooner's statements bind Lambersky, and then claim that statements made by Entrikin acting within the scope of his employment are inadmissible hearsay. Additionally, the statements by Grossman also fall under this exception as he is Entrikin's supervisor and has the authority to settle the claim as well.

Therefore, paragraph 22, 33-38 and 43 are all deemed admitted. While Petritis argues that only the hearsay aspects of the statements should be admitted, and not the entire paragraphs, each is deemed admitted in its entirety as Petritis does not respond to the remaining parts of them.

Plaintiff next objects to Petritis' response to paragraph 4, in which Lambersky states that jurisdiction is proper. Petritis admits this by recognizing that 28 U.S.C. § 1332(a)(2) exists. Her further claim that the rest of the paragraph is a legal conclusion is improper, especially as LR 56.1(3)(B) requires that the moving party allege grounds for jurisdiction. This paragraph is therefore deemed admitted.

Lambersky finally objects to Petritis' response to paragraph 6, in which Lambersky claims that Farner hit Lambersky from behind while driving. Petritis responded by asserting Illinois' Dead Man's Act, 735 ILCS 5/8-201, which she claims precludes Lambersky from testifying to any events that occurred in Farner's presence. The Dead Man's Act is often proper in summary judgment proceedings. *Rerack v. Lally*, 609 N.E.2d 727, 729 (1st Dist. Ill. 1992). It has many times been repeated that "the principle reason for the statutory exception is

9

the supposed inability of the representative to oppose the statements of the adversary." *Hortman v. Henderson*, 434 F.2d 77, 83 (7th Cir. 1970) (*quoting Van Meter v. Goldfarb*, 148 N.E. 391, 392 (ILL. 1925).

The limited record before us indicates that the use of the Dead Man's Act is most likely appropriate here. Further, the actual events of the car accident are not relevant to the matter presently before us. Therefore, this paragraph will not be deemed admitted.

As explained above, paragraphs 4, 10-17, 19-22, 27-28, 30-39, 41-43, and 46 are all deemed admitted.

### SUMMARY JUDGMENT

Regardless of whether the above mentioned paragraphs are deemed admitted or not, Petritis still cannot overcome Lambersky's motion for summary judgment as to the affirmative defense of accord and satisfaction. To prove her claim of accord and satisfaction, Petritis must show "(1) an honest dispute between the parties, (2) a tender with the explicit understanding of both parties that it was in full payment of all demands, and (3) an acceptance by the creditor with the understanding that the tender is accepted in full payment." *Amoco Oil Co. v. Segall*, 455 N.E.2d 876, 883 (4th Dist. Ill. 1983). Accord and satisfaction is "the discharge of a debt or claim by the *acceptance of some payment* which is agreed to constitute full satisfaction." *Holman v. Simborg*, 504 N.E.2d 967, 969 (1st Dist. ILL. 1987)(emphasis added).

Petritis makes no claim, and the record before us confirms, that even if the parties did agree to settle the case for $28,000.00, and even if such agreement is

binding, no money was tendered by anyone at State Farm, and no money was accepted by the plaintiff. Therefore, Petritis cannot establish elements (2) and (3) of the affirmative defense of accord and satisfaction. Petritis has not cited, and our research has not shown, a single case where there was accord and satisfaction without a tangible item offered and accepted. It is this transfer of money that differentiates accord and satisfaction from other defenses such as the defense that the parties had a binding settlement agreement.

While both parties devote a great amount of space in their briefs to the issues of whether a settlement was agreed upon between the parties and whether the settlement is enforceable against Lambersky, this issue is not before us and thus we will not address it. Because there is a "a complete failure of proof concerning an essential element of the non-moving party's case all other facts [are] immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Therefore, Rule 56(c) mandates the entry of partial summary judgment.

Motion to Strike is DENIED in part and **GRANTED** in part, and motion for Summary Judgment is **GRANTED**

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: June 10, 2002